UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
                               )
          v.                   )  Cr. No. 08-10309-MLW
                               )
MICHELLE ROBINSON,             )
      Defendant.               )

                        MEMORANDUM AND ORDER

WOLF, D.J.                                          January 20, 2009

I. INTRODUCTION

In this criminal prosecution the government alleges that the defendant, Michelle Robinson, extorted money from the victim, a prominent businessman in the Boston area, after a sex-for-fee relationship. See Indictment at ¶¶1-13. The defendant is charged with making threats in interstate communications, in violation of 18 U.S.C. §875(d), and wire fraud, in violation of 18 U.S.C. §1343. Id. at ¶¶14-19. The Globe Newspaper Company, Inc. (the "Globe"), has filed a Motion to Intervene and to Require Judicial Review of Victim's Anonymity (the "Motion"), and a supporting memorandum. At this time, the victim's identity has not been revealed to the court by either the government or the defendant. The Globe, however, asks for an order compelling the government to disclose to the court the victim's identity. It also asks that the court make the document disclosing his identity part of the public record.

The government has filed an opposition to the Motion. The victim has also filed an opposition. The defendant has filed a

1

statement that she takes no position on the Motion at this time, but reserves the right to do so in the future. See Defendant's Response to Motion to Require Judicial Review of Alleged Victim's Anonymity and Government's Opposition Thereto.

For the reasons described below, the Motion is being denied.

II. ANALYSIS

There is a presumptive right of access to documents used in criminal proceedings, based on both the First Amendment and the common law. The First Circuit has stated that:

> [t]his circuit, along with other circuits, has established a First Amendment right of access to records submitted in connection with criminal proceedings. The basis for this right is that without access to documents the public often would not have a "full understanding" of the proceeding and therefore would not always be in a position to serve as an effective check on the system.

Globe Newspaper Co. v. Pokaski, 868 F.2d 497, 502 (1st Cir. 1989) (citation omitted). In addition to this First Amendment right, the First Circuit has recognized that the common law establishes a presumption of public access to "relevant documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings . . . ." Federal Trade Commission v. Standard Financial Mgmt. Corp., 830 F.2d 404, 409 (1st Cir. 1987). See also In re Providence Journal Co., Inc., 293 F.3d 1, 9-10 (1st Cir. 2002); United States v. Sampson, 297 F.Supp.2d 342, 344 (D. Mass. 2003). These decisions are consistent with the Supreme Court's statement in Nixon v. Warner

Communications, Inc., 435 U.S. 589 (1978), that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Id. at 597.

However, this right of public access applies only to documents actually "submitted" to a court in the course of litigation. See Pokaski, 868 F.2d at 502; Standard Financial Mgmt., 830 F.2d at 409. This is because "[t]he presumption of public access to judicial documents exists, in part, because public monitoring of the courts is an essential feature of democratic control and accountability." United States v. Salemme, 985 F.Supp. 193, 195 (D. Mass. 1997). Therefore, "[t]he privilege extends, in the first instance, to materials on which a court relies in determining the litigants' substantive rights." Standard Financial Mgmt., 830 F.2d at 408.

The privilege does not, however, extend to "documents which play no role in the adjudication process." Id. Rather, "[d]ocuments that play no role in the performance of Article III functions ... lie entirely beyond the presumption's reach, and stand on a different footing . . . than any [] document which is presented to the court to invoke its power or affect its decisions." United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995)(citing Bank of America National Trust and Savings Assoc. v. Hotel Rittenhouse Associates, 800 F.2d 339, 343 (3d Cir. 1986)). See also Salemme,

985 F.Supp. at 195 (holding that there is no right of public access to documents and information disclosed in discovery in a criminal case which are not relevant to judicial decision-making); <u>United States v. Patkar</u>, Cr. No. 06-00250, 2008 WL 233062, at *6 (D. Hawaii 2008)(same).

As explained earlier, in this case, the government has not made a submission identifying the victim or otherwise notified the court of the victim's identity. Therefore, there is no sealed document or transcript identifying the victim by name that could be made part of the public record. Nor has the identity of the victim played a role in the adjudication process. Accordingly, the victim's identity is not a part of the judicial record that is presumptively open to public scrutiny. <u>Compare</u> <u>Standard Financial Mgmt.</u>, 830 F.2d at 408.

As described earlier, however, the Motion asks the court to order the government to divulge to it the identity of the victim and to make the submission doing so part of the public record. There is not a proper legal basis to grant this request.

The Globe has cited, and the court has found, no precedent for the claim that the court has the authority to compel the government to identify the victim. To the contrary, it is properly a matter of prosecutorial discretion. <u>See</u> <u>Goldstein v. Moatz</u>, 364 F.3d 205, 215 (4th Cir. 2004)("Once a prosecutor possesses probable cause, he must decide whether to prosecute, which charges to initiate, what

trial strategy to pursue, and a multitude of other important issues that require him to exercise discretion."). Unless and until the decision not to reveal to the court the victim's identity interferes with the rights of the defendant or the victim's identity becomes relevant to the court's decision-making, the court lacks the authority to compel the government to make the information public. See United States v. Armstrong, 517 U.S. 456, 464 (1996)(holding that, absent a showing of constitutional violations, review of prosecutorial decisions is prohibited because doing so "asks a court to exercise judicial power over a special province of the Executive"); United States v. Wilkerson, 208 F.3d 794, 798 (9th Cir. 2000)(stating that, while a trial judge's suggestions regarding prosecutorial decision-making do not violate the separation of powers principle, a judge's attempt to "force, require or coerce the government" with regard to decisions subject to prosecutorial discretion would raise separation of powers concerns).

If this case proceeded to trial and the victim testified, or his identity became relevant to the adjudicative process in some other way and is revealed to the court, the analysis would become more complicated.  The Globe could file another motion for the information it now seeks and the presumption of public access would apply. See Standard Financial Mgmt., 830 F.2d at 409. However, even if the victim's identity were a part of the judicial record, public

disclosure would not be automatic. Judicial documents "may be sealed if the right to access is outweighed by the interests favoring non-disclosure." Salemme, 985 F.Supp. at 195. "Among the countervailing factors favoring nondisclosure are: (i) prejudicial pretrial publicity; (ii) the danger of impairing law enforcement or judicial efficiency; and (iii) the privacy interests of third parties." Id. In this case, disclosing the identity of the purported victim, who was allegedly threatened with public exposure in an effort to extort money, would inflict the very harm this prosecution seeks to punish and, at least as arguably, discourage similarly situated victims from cooperating with law enforcement. See Patkar, 2008 WL 233062, at *6 (observing in an extortion case that "disclosure would certainly act as a deterrent to a victim reporting the commission of a crime").

The privacy interests at stake here are important. The Crime Victims' Rights Act ("CVRA"), enacted in 2006, provides that victims have the right "to be treated with fairness and respect for [their] dignity and privacy." 18 U.S.C. §3771(a)(8). In Patkar, an extortion case in which the court decided not to lift an order prohibiting the parties from disclosing to the public documents produced in discovery that were potentially embarrassing to the victim, the court relied heavily on the CVRA. As it explained, the CVRA "was intended to provide meaningful rights, and not a simple laundry list of aspirational goals as to how the government and

courts should treat victims." 2008 WL 233062, at * 5; see also United States v. Heaton, 458 F.Supp.2d 1271, 1272 (D. Utah 2006)(holding that §3771(a)(8) requires a court to consider the views of the victim before dismissing an indictment pursuant to Fed. R. Civ. P. 48(a)); United States v. Turner, 367 F.Supp.2d 319, 335 (E.D.N.Y. 2005)(stating that the import of 18 U.S.C. §3771(a)(8) is "to promote a liberal reading of the statute in favor of interpretations that promote victims' interest in fairness, respect, and dignity."). Among other concerns, the court in Patkar relied on the fact that allowing public access to the documents at issue would subject the victim to precisely the harm threatened by the defendant in that case. See 2008 WL 233062, at *6. This reasoning is equally applicable here.

Accordingly, the Motion is without merit. As indicated earlier, however, if documents naming the alleged victim are filed under seal, the Globe may request that they be made part of the public record.

III. ORDER

In view of the foregoing, the Motion (Docket No. 24) is hereby DENIED.

                                          /s/ Mark L. Wolf
                                       UNITED STATES DISTRICT JUDGE