Prob12C
DMA (3/2005)

# United States District Court
## for the District of Massachusetts
### Petition and Affidavit for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Michelle Robinson                    **Case Number:** 08-10309

**Name of Sentencing Judicial Officer:** Honorable Mark L. Wolf, Chief United States District Judge

**Date of Original Sentence:** 2/20/2009

**Original Offense:** Wire Fraud, in violation of 18 U.S.C. § 1343

**Original Sentence:** Time served, 36 months' supervised release, $280,000 restitution

**Type of Supervision:** Supervised Release          **Date Supervision Commenced:** 2/25/2009

**Asst. U.S. Attorney:** James P. Dowden              **Defense Attorney:** Mark D. Smith

---

## PETITIONING THE COURT

[X]      To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| I | **Violation of Special Condition #7:** The defendant is to serve six months in home detention with electronic monitoring and shall pay for the costs of the program as determined under the national contract. The defendant is responsible for returning the monitoring equipment in good condition and may be charged for replacement or repair of the equipment. |

Successful completion of the six-month term of home confinement includes maintaining accountability in the community when not at home.

On or about 3/31/2009, Robinson's home confinement schedule was amended to allow for leave from 7:30 a.m. to 7:00 p.m., Monday through Friday, to drop off her daughter in the morning, and to travel to her newly acquired employment at Propel, Inc., in Norwood, MA. Robinson's employment was confirmed through Maurice Goldentaier, a manager at Propel, who advised that Robinson was hired as a full-time marketing representative. Robinson's employment consisted of her selling make-up at various locations in the community, sometimes at a college event, and at least twice in front of Staples in Dorchester. She would report to the Norwood office, be consigned product to sell that day, be dispatched to her location, and return to Norwood at the end of the day to turn in the remaining unsold product and the daily commission.

Robinson worked on 3/31, 4/1, 4/2, and reportedly 4/3. On 4/3, she returned to her residence at 7:47 p.m. and was contacted by the undersigned. Robinson stated that she was late returning to her residence because she had to go from Dorchester to Norowood to drop off extra inventory she did not sell that day, and return to Dorchester. Extending her leave to 8:00 p.m. was discussed to avoid late returns in the future. During this phone call, she also requested, and was granted, permission to work on Saturday.

On or about 4/8/2009, the Probation Office was notified via faxed letter from Goldentaier that Robinson was terminated from her position effective 4/3/2009 for failure to report to

work that day.   Robinson left her residence on 4/3 at 7:26 a.m., and returned at 7:47 p.m., and reported that she worked that day.  When contacted on 4/8 by Probation Officer Larissa Charette, Robinson reported that she did work on 4/3, that she did not work 4/4 or 4/5, and that she did not know she had been officially terminated from the position.

On 4/15/2009, Robinson reported to the Probation Office for an Administrative Hearing before Supervising U.S. Probation Officer Joseph LaFratta to discuss her being out of place on Friday, 4/3.  Robinson insisted that she worked on 4/3 and suggested that Goldentaier was angry at her because she did not like the job and did not want to return to it.  She did admit that she left work early that day, at 5:00, to pick up her daughter from her sister with whom she had a fight over watching her daughter.  Robinson reportedly felt that she could not disclose this information to the undersigned when contacted that evening at 7:47p.m. in fear of getting in trouble, though she considered the event an emergency.

Following the Administrative Hearing, the undersigned contacted Maurice Goldentaier again to confirm the facts of the case.  Goldentaier confirmed that Robinson did not work on 4/3. He stated that she came to work at 9:00 a.m. that day and said that she had a personal problem to take care of.  He told her to handle her problem and to return back to the Norwood office to be dispatched to her location for the day.  She never returned to the office that day, and had no product consigned to her to sell that day.

Given the above information, it is the position of the Probation Office that Robinson's whereabouts were unknown on 4/3 from on or after 9:00 a.m. until 7:47 p.m. when she returned home.

**U.S. Probation Officer Recommendation:**

The term of supervision should be:
[X]    Revoked
[  ]    Extended for year(s), for a total term of years.

I declare under penalty of perjury that the foregoing is true and correct.

-
Reviewed/Approved by:                                        Respectfully submitted,


/s/Joseph LaFratta                                            /s/Michelle K. Roberts
Supervising U.S. Probation Officer                           Sr. U.S. Probation Officer
                                                             Date: 4/15/2009

**THE COURT ORDERS**
[  ]    No Action
[  ]    The Issuance of a Warrant
[X ]    The Issuance of a Summons                            /s/ Mark L. Wolf
[  ]    Other
                                                             _____
                                                             Signature of Judicial Officer
                                                             April 17, 2009

                                                             _____
                                                             Date

A hearing shall be held on April 24, 2009, at 1:30 PM.  The parties shall confer and, by April 22, 2009, inform the court of whether they have agreed to propose jointly a resolution to this matter.  If not, they shall have all necessary witnesses available to testify on April 24, 2009.